**ALLIED CENTRAL STORES, INC.,**
**Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-**
**ENUE, Respondent.**

**No. 98, Docket 29029.**

United States Court of Appeals
Second Circuit.

Argued Oct. 28, 1964.

Decided Dec. 17, 1964.

———◆———

Percy W. Phillips, Washington, D. C.
(Ivins, Phillips & Barker, Washington,
D. C., of counsel), for petitioner.

Norman H. Wolfe, Attorney, Depart-
ment of Justice, Washington, D. C.
(Louis F. Oberdorfer, Asst. Atty. Gen.,
Lee A. Jackson and Gilbert E. Andrews,
Attorneys, Department of Justice, of
counsel), for respondent.

Before LUMBARD, Chief Judge, and
HAYS and MARSHALL, Circuit Judges.

HAYS, Circuit Judge:

Petitioner owns and operates a depart-
ment store in Kansas City, Missouri. In
1953 Heer's, Inc., which owned a depart-
ment store in Springfield, Missouri, was
merged into petitioner and in 1956 two
other corporations, L. S. Donaldson Com-
pany and The Golden Rule, which togeth-
er owned five department stores in Minne-
sota and South Dakota, were merged into
petitioner.

Petitioner sought to carry over net op-
erating losses for its fiscal years ending
January 31, 1951, 1952 and 1954 as de-
ductions from its taxable income for the
fiscal years ending in 1955 and 1957.

Under the authority of Libson
Shops, Inc. v. Koehler, 353 U.S. 382, 77
S.Ct. 990, 1 L.Ed.2d 924 (1957), the re-
spondent determined that petitioner was
not entitled to carry over pre-merger net
operating losses as deductions from post-
merger income and asserted a deficiency
of $155,508.38 for the fiscal year ending
January 31, 1957. On petition, the Tax
Court held that Section 172 of the In-
ternal Revenue Code of 1954 made the
predecessor sections of the 1939 Code, un-
der which Libson Shops was decided, ap-
plicable to determine whether or not
a net operating loss from petitioner's

taxable years ending January 31, 1951, 1952 and 1954 could be deducted from 1955 and 1957 income; that the 1939 Code and Libson Shops precluded the deduction of carry-overs of pre-merger losses against post-merger income unless the taxpayer could show that the income was produced by substantially the same business unit, i. e., the Kansas City store, that produced the losses; and that petitioner had not made such proof. Therefore, the Tax Court denied the deductions claimed.

We affirm the decision of the Tax Court. We see no distinction between this case and Libson Shops. See also our recent decision in Julius Garfinckel & Co. v. Commissioner, 335 F.2d 744 (2d Cir. 1964).

Petitioner argues that Libson Shops is distinguishable because here there was and could be no change of ownership of any of the merging corporations, all being wholly owned and controlled by a parent corporation during this period, and because there was no change of business enterprise, since the economic identity of the stores as a small group of the parent corporation's nationwide chain of similar stores remained the same before and after the corporate mergers.

But in Libson Shops there was likewise no change in ownership. Actually in the present case the ultimate ownership, as reflected in the ownership of the shares of the parent corporation which are traded on the New York Stock Exchange, may well not have been in 1957 in the hands of those who had suffered the losses in 1951, 1952 and 1954.

The parent corporation has chosen to treat the petitioner as a separate entity filing a separate return, rather than as part of a single enterprise filing a consolidated return. As a separate entity the petitioner was not the same "business enterprise" in 1957 that it was prior to the mergers. The regrouping of subsidiaries which have been treated as separate entities, with resultant changes in stated capital, total assets and net worth, has an effect on "continuity."

█ Petitioner argues that, regardless of the result reached with respect to 1951 and 1952, the Internal Revenue Code of 1954 must be applied to determine the deductibility of net operating losses with respect to loss years ending after December 31, 1953 and therefore to petitioner's fiscal year ending January 31, 1954, and that Libson Shops is not applicable under the 1954 Code.

If Libson Shops was superseded by the 1954 Code the superseding sections are Sections 381 and 382. However, these sections are applicable only to mergers occurring after June 22, 1954. See Int.Rev.Code of 1954, §§ 393–394. The merger of Heer's into petitioner occurred on October 31, 1953. In order to avoid the application of Libson Shops under the 1939 Code, petitioner must argue that a pre-June 22, 1954 merger which occurred in a fiscal year ending after December 31, 1953, is governed by a rule independent of and different from both Libson Shops and the special rules of the 1954 Code, i. e., that the congressional purpose in deferring the effect of Sections 381–382 to June 22, 1954, was to abrogate 1939 Code case law for a short time before substituting the explicit rules of Sections 381–382. But June 22, 1954, was chosen as a convenient date, shortly before which the congressional committees had announced the new rules, from which corporate taxpayers, who planned mergers, etc., would be put on notice of certain tax consequences.[1] We conclude, therefore, that until June 22, 1954, Libson Shops remained applicable even to fiscal years ending after December 31, 1953, for the purpose of determining deductibility of net operating losses.

Section 7851(a) (1) (C) of the Internal Revenue Code specifically provides that

1. See H.R.Rep. No. 1337, 83d Cong., 2d Sess. A145 (1954); S.Rep. No. 1622, 83d Cong., 2d Sess. 287–88 (1954); H.R. Rep. No. 2543 (Conference Comm. Report), 83d Cong., 2d Sess. 40–41 (1954); all of which are reprinted in [1954] 3 U.S.Code Cong. & Adm.News, at pp. 4283–4284, 4926–4927, 5300.

"The provisions of the Internal Revenue Code of 1939 superseded by provisions of subtitle A of this title [i. e., the income tax provisions] the applicability of which is stated in terms of a specific date (occurring after December 31, 1953) shall be deemed to be included in subtitle A of this title, but shall be applicable only to the period prior to the taking effect of the corresponding provision of subtitle A."

From this section it appears, as the Tax Court held, that those provisions of the 1939 Code which were construed in Libson Shops are deemed included in the 1954 Code, but apply only to the period before June 22, 1954, when the specific provisions of Sections 381 and 382 became applicable to mergers.

Affirmed.